In the Matter of ALAN S. TIFFORD, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 27, 1987

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr. (Grace D. Moran* of counsel), for petitioner.

*Farrell, Fritz, Caemmerer, Cleary, Barnosky & Armentano, P. C. (John M. Armentano* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on January 25, 1967.

In this proceeding the Special Referee found the respondent guilty of neglecting a legal matter entrusted to him, misrepresenting to his client the status of the matter, requesting and receiving an independent party's forgery of his client's signature, neglecting another legal matter entrusted to him by failing to file an application for a beer and wine license on behalf of his client, neglecting another legal matter entrusted to him and misrepresenting to the client the status of said matter, and neglecting other matters entrusted to him by another client.

The petitioner moves to confirm the report of the Special Referee and respondent cross-moves to disaffirm the report.

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the Special Referee. The respondent has contended as to some of these matters that he was not retained but was merely "attempting to assist close personal friends in connection with minor legal problems as an accommodation". The attorney-client relationship begins when the client agrees to have the attorney act in his behalf and the attorney agrees to represent the client. This relationship was clearly established in the matters in question. We find that the respondent is guilty of the misconduct indicated above. The petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have taken into consideration the mitigating circumstances advanced by the respondent. Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of three years commencing June 1, 1987, and until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BROWN and EIBER, JJ., concur.